IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   No. CV 12-0142 LH/CEG
                                                       CR 07-0050 LH

ENRIQUE PENA-VALENZUELA,
a/k/a OCTAVIO VALENZUELA-CALDERON,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4(b), 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion For Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 72). Defendant was convicted of a methamphetamine conspiracy charge and is serving a sentence imposed by this Court (CR Doc. 40). He is not an American citizen, and he is incarcerated in California. He alleges that the Court sentenced him without considering his status as a deportable alien and his willingness to accept a deportation order. Furthermore, because of Defendant's status, he is ineligible for certain pre-release custody programs. Defendant contends that the sentence and prison policy have subjected him to a longer prison term than an American citizen would serve. He seeks reduction of his term of imprisonment.

It is assumed for purposes of this order that the relief Defendant seeks against his sentence, if available, may be pursued in a § 2255 motion. *Cf.* 18 U.S.C. § 3582(c) (prohibiting modification of sentence except under specific statutory authorization). The record clearly indicates that the one-year limitations period applicable to Defendant's § 2255 motion has expired. The Court notes that the limitations period in § 2255 is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205-08 (2006), and may be waived, *see id.* at 207-08; *United States v. Harris*, 194 F. App'x 509, 510 (10th

Cir. 2006).  Furthermore, Defendant's challenge to the execution of his sentence by prison officials must be brought in a petition under § 2241, *cf. Wilson v. Kastner*, 385 F. App'x 855, 856 n. 1 (10th Cir. 2010), filed in the district where he is confined, *see Montalvo v. Werlizh*, 461 F. App'x 818, 819 (10th Cir. 2012).

Here, even if § 2255 provides Defendant an appropriate procedural avenue to challenge the sentence that this Court imposed, and even if the motion were timely, the Court of Appeals for the Tenth Circuit has rejected Defendant's substantive claim.  "[Defendant]'s request for a downward departure based on the 'collateral consequences' of his status as a deportable alien has been foreclosed."  *United States v. Tamayo*, 162 F. App'x 813, 815 (10th Cir. 2006).  Under the Tenth Circuit's decision in *Tamayo*, Defendant is not entitled to relief from his sentence, *see* § 2255 R. 4(b), and the Court will dismiss the motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right.  The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's claim against the execution of his sentence by prison officials is DISMISSED without prejudice to his right to pursue the claim in an appropriate forum; otherwise his Motion For Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 72) is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE